UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

| | | |
|---|---|---|
| FERNANDO MUNIZ, | ) | |
| Institutional ID No. 28217-050, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. |
| | ) | 5:12-CV-00156-BG |
| GILES W. DALBY CORRECTIONAL | ) | ECF |
| FACILITY, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## REPORT AND RECOMMENDATION

### Procedural History

Proceeding *pro se* and *in forma pauperis*, Plaintiff Fernando Muniz commenced this action on September 6, 2012, seeking redress for constitutional violations that he claims occurred during his incarceration as a federal prisoner at Giles W. Dalby Correctional Facility. On October 2, 2012, the case was transferred to the undersigned U.S. Magistrate Judge for further proceedings.

On October 30, 2012, the undersigned ordered Muniz to complete a Questionnaire and return the completed Questionnaire to the U.S. District Clerk on or before November 29, 2012. The court's Order to Complete Questionnaire instructed Muniz as follows: "Muniz is admonished that failure to timely return the completed Questionnaire to the United States District Clerk may and most probably will result in dismissal of his entire Complaint." Muniz did not timely return the completed Questionnaire to the U.S. District Clerk.

Pursuant to the Order of transfer dated October 2, 2012, the undersigned now files this Report and Recommendation.

1

**Discussion**

District courts have "the inherent authority to dismiss an action *sua sponte* for failure to prosecute, with or without notice to the parties[.]" *Clofer v. Perego*, 106 F.3d 678, 679 (5th Cir. 1997); *see also Link v. Wabash R.R. Co.*, 370 U.S. 626, 633, 82 S. Ct. 1386, 8 L. Ed. 2d 734 (1962) ("[W]hen circumstances make such action appropriate, a District Court may dismiss a complaint for failure to prosecute even without affording notice of its intention to do so or providing an adversary hearing before acting."). Courts have this inherent authority so that they can "manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Link*, 370 U.S. at 630–31.

Muniz has "demonstrated a manifest lack of interest in prosecuting his claims" by failing to comply with the court's Order to Complete Questionnaire. *Adeyinka v. Emerald Corr. Mgmt.*, No. 1:09-CV-054-C, 2009 WL 4858055 at *3 (N.D. Tex. Dec. 16, 2009).

**Recommendation**

For the foregoing reasons, the undersigned recommends that the U.S. District Court **DISMISS** Muniz's Complaint in its entirety without prejudice.

**Right to Object**

A copy of this Report and Recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this Report and Recommendation must file specific written objections within fourteen days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). To be specific, an objection must identify the specific finding or recommendation to which the objection is made, state the basis for the objection, and specify the place in the magistrate judge's Report and Recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the

magistrate judge is not specific. Failure to timely file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

Dated:      December 12, 2012.

_____
NANCY M. KOENIG
United States Magistrate Judge